■ WARREN C. ALT et al., Appellants, v LONG ISLAND RAILROAD COMPANY et al., Respondents.—In an action for a declaratory judgment, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered May 13, 1975, which, upon the submission of an agreed statement of facts, construed a recent amendment to the defendant railroad's pension plan and declared the rights of the plaintiffs. Judgment affirmed, with one bill of $50 costs and disbursements to respondents appearing separately and filing separate briefs. The decision of the Special Term is adequately supported by the record on this appeal. Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Hawkins, JJ., concur. [81 Misc 2d 99.]

■ IRIS ALTOMARE, Respondent, v GEORGE ALTOMARE, Appellant.—In an action *inter alia* to enjoin the defendant husband from taking any action in the State of New Jersey which would interfere with plaintiff's marital rights, defendant appeals from a judgment of the Supreme Court, Queens County, dated September 22, 1975, which, after a nonjury trial, (1) enjoined him from maintaining any matrimonial action against the plaintiff in New Jersey and (2) directed him to pay a counsel fee to the plaintiff in the amount of $3,300. Judgment affirmed, with costs. The trial court's determination is adequately supported by the record on appeal. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.

■ NICHOLAS ANDREADIS, Appellant, v APHRODITE ANDREADIS, Respondent.—In a matrimonial action, plaintiff appeals from an order of the Supreme Court, Queens County, dated June 11, 1976, which (1) dismissed his complaint for failure to serve and file a note of issue pursuant to a prior order of the same court and (2) granted leave to defendant to place the action on the undefended matrimonial calendar for inquest on her counterclaim. Appeal dismissed, without costs or disbursements, as the right to take a direct appeal terminated with the entry of the final judgment (see *Matter of Aho*, 39 NY2d 241, 248), without prejudice to an application by plaintiff to set aside that judgment, which was entered upon his default and which application, upon this record, should be granted. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.